**WTHR–TV, Appellant,**

**State of Indiana, Appellee,**

v.

**Zelda R. MILAM, Appellee.**

**No. 49S05–9802–CR–104.**

Supreme Court of Indiana.

Feb. 23, 1998.

1175

Michael A. Wilkins, Indianapolis, for Appellant.

Kay A. Beehler, Indianapolis, for Appellee Zelda R. Milam.

## ON PETITION TO TRANSFER

BOEHM, Justice.

This interlocutory appeal presents essentially identical legal issues to those dealt with in *WTHR–TV v. Cline,* 693 N.E.2d 1 (Ind. 1998), also decided today. In *Cline,* we concluded that the press had a range of legitimate interests, irrespective of constitutional considerations, that could be asserted to deny discovery under the Indiana Rules of Trial Procedure, but held that the defendant had made a sufficient showing to discover a videotaped interview she gave to the media while in police custody. We hold that the request in this case fails entirely due to non-compliance with the Trial Rules' requirement of reasonable particularity and materiality. We grant transfer and reverse the trial court.

On January 6, 1997, Zelda R. Milam was charged with the murder of her husband, Billie Milam. On January 7, Milam's court-appointed attorney requested an order from the trial court directing several television news stations, including WTHR–TV ("WTHR"), to produce "all news footage, aired and [un]aired, edited and unedited, regarding the death of Billie Milam, W/M, on January 1, 1997, and regarding the questioning, apprehension, arrest and arraignment of Zelda Ruby 'Kay' Milam or any other individuals who may have knowledge of this matter." The trial court granted the motion the same day, apparently before WTHR had an opportunity to respond, and ordered production of the requested materials.[1] On January 8, WTHR filed a motion to reconsider in which it offered to produce any relevant material that had been broadcast. However, as in *Cline,* WTHR contended that a constitutional "reporter's privilege" precluded compulsory disclosure of any unaired portions or "outtakes." In reply, Milam suggested in camera review to determine whether any of the outtakes contained "relevant and/or exculpatory information." The trial court ordered in camera review but granted WTHR's request for leave to appeal the order. Holding that the First Amendment to the United States Constitution does not permit reporters to withhold information related to a crime, the Court of Appeals affirmed. *WTHR–TV v. State,* 685 N.E.2d 1091 (Ind. Ct.App.1997).[2]

1. The trial court's order was worded slightly differently: "[WTHR is] ordered to preserve and produce to counsel all filmed footage, aired and unaired, edited and unedited, of the death of Billie Milam, and the investigation, arrest, apprehension and arraignment of Zelda Ruby 'Kay' Milam."

2. This appeal presents procedural irregularities similar to those discussed in *WTHR–TV v. Cline:*

(1) non-compliance with the Indiana Rules of Trial Procedure in the first instance by the filing of an ex parte discovery order with the trial court, *see Cline,* 693 N.E.2d at 4 n. 1 (in this case this issue was not raised in the trial court and the defendant did not retrace her steps under Rule 34); (2) failure to make findings for interlocutory

 As in *Cline,* the parties here urge us to reach a constitutional issue as matter of first not last resort. Before reaching any claim of constitutional privilege, any challenged discovery request by a criminal defendant must be evaluated by balancing a number of considerations, including the importance of the item, the difficulty of surrendering it, its availability from other sources, and the degree of invasion of other legitimate interests. *Cf.* Ind. Trial Rules 26 & 34. The discovery demand in this case is almost word for word the same as that largely rejected in *Cline* due to non-compliance with the Trial Rules, and it meets the same fate. *Cline* made clear that "something more precise than 'give me everything related to the case' must be shown." *Cline,* 693 N.E.2d at 8. Milam has not explained what WTHR has or may have that is relevant to her defense, nor how anything in WTHR's possession—whatever it is—might help her prepare for trial, or is not otherwise available to the defense. Although a showing of materiality before disclosure is not required where the relevance of the item is self-evident, or the precise nature of the information is unknown, the defendant still must offer a theory of "potential materiality" to the best of her ability. *Id.* at 7 (citing *Dillard v. State,* 257 Ind. 282, 292, 274 N.E.2d 387, 392 (1971)). This separates a discovery demand for possibly relevant materials whose contents are unknown from a mere fishing expedition.

 Milam makes no effort to show potential materiality. She has pleaded no facts that would suggest or support the conclusion that WTHR has or may have any information related to her defense and not available to her. In this respect, this case differs markedly from *Cline,* where it was undisputed that one or more media organizations had interviewed the defendant outside the presence of her lawyer after charges had been filed. We held that Cline was entitled to a copy of the full interview, including unaired portions, because of its possible use either by her or against her at trial. Here Milam does not show any particular item of information to be relevant to her defense. The Trial Rules presumptively entitle Milam to discover any evidence from any party or non-party that assists the preparation of her defense. However, discovery rights do not entitle a criminal defendant to commandeer the efforts of third parties as a substitute for independent defense investigation. Nor do the Trial Rules allow the defendant to rummage through the files of third parties, particularly the press, for information whose materiality is only a matter of pure supposition. Accordingly, Milam's discovery request fails under the Trial Rules due to lack of particularity and any showing of possible materiality.[3]

appeal pursuant to Indiana Appellate Rule 4(B)(6), *see id.* at 5 n. 2. For the reasons given in *Cline, id.,* we address the validity of the trial court's in camera order rather than remand for technical compliance with Rule 4(B)(6).

**3.** Milam suggests that she has a right to discover WTHR's outtakes pursuant to her Fourteenth Amendment right to disclosure of any exculpatory information before trial. *See Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). *Brady* and its progeny, *e.g., Kyles v. Whitley,.* 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995), impose a federal constitutional duty only on the prosecutor to disclose exculpatory information. Milam offers no authority for the proposition that this obligation extends to third parties, or that the *Brady* rule provides any basis for compelling discovery from a third party as a matter of state law. Exculpatory information is ipso facto relevant in a criminal case as a logical proposition, but this does not absolve Milam from complying with the Trial Rules' requirement of reasonable particularity and at least a theoretical showing of materiality. *Cf. Roche v. State,* 690 N.E.2d 1115, 1133 (Ind. 1997) (petitioner's dragnet discovery motion in postconviction proceedings was properly denied because "no rule of constitutional law or state procedure mandates unfettered access to the prosecution's files in the hopes that a violation of the prosecutor's duty under *Brady* will be uncovered"), *petition for reh'g filed.* Accordingly, the Fourteenth Amendment provides no basis for enforcing Milam's discovery demand.

Transfer is granted. The trial court's order for in camera review is vacated. This cause is remanded for further proceedings consistent with this opinion and the guidelines for discovery in criminal cases set forth today in *WTHR–TV v. Cline*, 693 N.E.2d 1 (Ind.1998).

SHEPARD, C.J., and DICKSON, SULLIVAN and SELBY, JJ., concur.