ATTORNEYS FOR APPELLANT
Jeffrey P. Smith
W. Randall Kammeyer
Hawk, Haynie, Kammeyer & Chickedantz
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE
Scott M. Cohen
John D. Barker
Harry C. Bradley
Krohn & Moss, LTD
Chicago, Illinois

# In the
# Indiana Supreme Court

No. 55S05-0504-CV-165

DAIMLER CHRYSLER CORPORATION,

*Appellant (Defendant below),*

v.

SAMUEL AND DIANE YAEGER,

*Appellees (Plaintiffs below).*

Appeal from the Morgan Circuit Court, No. 55D03-0301-PL-2
The Honorable Jane Spencer Craney, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 55A05-0402-CV-65

**December 7, 2005**

Dickson, Justice.

When the trial court denied its motion to dismiss and compel arbitration, the defendant, Daimler Chrysler Corporation, brought this appeal without first seeking trial court certification to initiate an interlocutory appeal pursuant to Indiana Appellate Rule 14. The plaintiffs, Samuel and Diane Yaeger, filed a motion to dismiss the appeal, which a majority of a panel of the Court of Appeals denied, holding that it had discretion to address the appeal under Indiana Appellate Rule 66(B). Daimler Chrysler Corp. v. Yaeger, 818 N.E.2d 527 (Ind. Ct. App. 2004). Judge Vaidik dissented. We granted transfer. Agreeing with the dissent, we hold that Appellate Rule 66(B) does not authorize an interlocutory appeal that fails to comply with Appellate Rule 14.

Appeals from interlocutory orders are governed by Appellate Rule 14. Rule 14(A) enumerates specified types of interlocutory orders that may be taken as a matter of right, and Rule 14(B) provides that other interlocutory appeals may be taken "if the trial court certifies its order and the Court of Appeals accepts jurisdiction over the appeal." The trial court's denial of the defendant's motion to dismiss and compel arbitration does not qualify for an interlocutory appeal under 14(A), and thus may be the subject of an interlocutory appeal only upon both certification by the trial court and acceptance by the Court of Appeals pursuant to 14(B). Appellate Rule 66(B) provides:

> No appeal shall be dismissed as of right because the case was not finally disposed of in the trial court or Administrative Agency as to all issues and parties, but upon suggestion or discovery of such a situation, the Court may, in its discretion, suspend consideration until disposition is made of such issues, or it may pass upon such adjudicated issues as are severable without prejudice to parties who may be aggrieved by subsequent proceedings in the trial court or Administrative Agency.

In Allstate Insurance Co. v. Scroghan, 801 N.E.2d 191, 195 (Ind. Ct. App. 2004), *trans. denied*, the court noted but rejected the suggestion by other panels of the Court of Appeals[1] that jurisdiction over interlocutory appeals might be found outside Rule 14. Instead, the court followed the reasoning of INB National Bank v. 1st Source Bank, 567 N.E.2d 1200 (Ind. Ct. App. 1991):

> [Rule 66(B)] should not be interpreted as an alternative authorization to litigants to initate interlocutory appeals apart from, or in addition to, the authorization provided by [Rule 14]. In addition, we believe it would constitute an abuse of discretion for this court to grant an interlocutory appeal cognizable under [Rule 14(B)] where the trial court, as here, has expressly refused or denied certification.

*Id.* at 1202. We agree.

For Daimler Chrysler to appeal from the denial of its motion to dismiss and compel arbitration, it was required to first seek and obtain certification from the trial court authorizing an appeal from the interlocutory order. This it failed to do. We therefore grant the Yaegers' motion to dismiss the appeal.

---

[1] Nass v. State ex rel. Unity Team, 718 N.E.2d 757 (Ind. Ct. App. 1999), *reh'g denied, trans. denied*; Northwestern Mutual Life Ins. Co. v. Stinnett, 698 N.E.2d 339 (Ind. Ct. App. 1998).

This appeal is dismissed, and the cause is remanded to the trial court.


Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.