ATTORNEY FOR APPELLANT
Michael R. Fisher
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court



FILED
Jun 23 2011, 12:37 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 49S05-1106-CR-370

LAMAR M. CRAWFORD,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Marion Superior Court, No. 49G03-0904-MR-39093
The Honorable Sheila A. Carlisle, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 49A05-1006-CR-377

**June 23, 2011**

**Sullivan, Justice.**

In In re Subpoena to Crisis Connection, Inc., No. 19S05-1012-CR-678, — N.E.2d — (Ind. 2011), another case handed down today, we hold that the three-step test for the discoverability of information outlined in State v. Cline (In re WTHR-TV), 693 N.E.2d 1, 6 (Ind. 1998), is not reached when information is protected by an unqualified privilege unless a criminal defendant's constitutional rights would be violated by enforcing the privilege. Because no privilege is

at issue in this case, we apply the three-step test and conclude that the defendant has not satisfied the requirements for the discoverability of the information he seeks.

## Background

This appeal stems from the conviction of Lamar Crawford for a murder committed in April, 2009.

Prior to his trial, a television production company called Lucky Shift, Inc., filmed various aspects of Crawford's murder investigation and interviewed the people involved. This footage was combined into an episode of a nonfiction police show called "The Shift" that aired on September 30, 2009.

Crawford requested an order from the trial court directing Lucky Shift to produce certain footage it had relating to his murder investigation. Lucky Shift objected. The trial court ordered many items requested by Crawford be disclosed by Lucky Shift for an in camera review, but it denied three of Crawford's requests apparently because they were not particular enough. Appellant's App. 296-97. These three requests form the basis of this appeal.

The Court of Appeals affirmed the trial court's ruling that the three requests at issue were not sufficiently particular under the three-step test set forth in State v. Cline (In re WTHR-TV), 693 N.E.2d 1, 6 (Ind. 1998). Crawford v. State, 946 N.E.2d 1221, 1225-28 (Ind. Ct. App. 2011).

Crawford seeks, and we now grant, transfer, thereby vacating the opinion of the Court of Appeals. Ind. Appellate Rule 58(A). In doing so, we repeat the test used to determine the discoverability of information not otherwise protected by privilege in criminal cases and consider specifically whether the requests in this case were particular enough to meet that test.[1]

---

[1] The Court of Appeals also rejected Crawford's sufficiency of the evidence argument. Crawford, 946 N.E.2d at 1228-29. Crawford has not sought transfer on that issue, and we summarily affirm the decision of the Court of Appeals in that regard. App. R. 58(A)(2).

**Discussion**

We reiterate that although both this case and In re Subpoena to Crisis Connection involve requests for production to private third-parties, the primary difference between the two is that the information sought in this case is not protected from disclosure by a privilege. The requested information at issue here includes:

> Request #18: Footage of any and all statements of officers, agents, or affiliates of [Indianapolis Metropolitan Police Department ("IMPD")] or any reenactment thereof.
> Request #19: Footage of anyone interviewed or questioned, or any reenactment thereof, in connection with the investigation of the death of Gernell Jackson.
> Request #20: Any and all recorded footage, both aired and unaired, relating to the investigation by the [IMPD] of a murder that is the subject of the Season Two, Episode One, of The Shift, an Investigation Discovery program, which aired September 30, 2009.

Appellant's App. 250-51. On transfer, Crawford does not expressly challenge the ruling on Request #20; instead, he focuses his arguments on Request #18 and Request #19. Pet. to Transfer 7 ("With respect to Request #18 and Request #19, the defense properly made all of the requisite showings . . . ."). Our opinion will therefore focus on those two requests.[2]

The Indiana Rules of Trial Procedure apply in criminal proceedings in the absence of a conflicting criminal rule. Ind. Crim. Rule 21. In In re WTHR-TV, we identified the primary trial rules relevant to criminal discovery. 693 N.E.2d at 5-6. We recognized that criminal defendants may discover information from both parties and nonparties, Ind. Trial Rule 34, subject to the limitations on discovery provided in Trial Rule 26(B)(1):

---

[2] In any event, we agree with the Court of Appeals that Request #20 is inadequate, Crawford, 946 N.E.2d at 1228, as it very closely resembles the requests held to lack sufficient particularity in our prior cases. See In re WTHR-TV, 693 N.E.2d at 4, 8 (requesting "all news footage and tapes . . . aired and unaired, edited and unedited, regarding the death of [Cline's] daughter . . . and regarding the questioning, apprehension, arrest and court appearances of Krista Cline or any other individuals who may have knowledge of this matter" (brackets in original)); WTHR-TV v. Milam, 690 N.E.2d 1174, 1175-76 (Ind. 1998) (requesting "'all news footage, aired and [un]aired, edited and unedited, regarding the death of Billie Milam . . . and regarding the questioning, apprehension, arrest and arraignment of Zelda Ruby 'Kay' Milam or any other individuals who may have knowledge of this matter.'" (brackets in original)).

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject-matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party . . . . It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

T.R. 26(B)(1). Under Trial Rule 34(B), the party seeking discovery must request the material with reasonable particularity: "The request shall set forth the items to be inspected either by individual item or by category, and describe each item and category with reasonable particularity." Under Trial Rule 26(C), a trial court may restrict discovery to protect a party or a nonparty from "annoyance, embarrassment, oppression, or undue burden or expense."

Pursuant to the Trial Rules, we have held that the following three-step test should be used to determine the discoverability of information in criminal cases: (1) there must be sufficient designation of the items sought to be discovered (particularity); (2) the items requested must be material to the defense (relevance or materiality); and (3) if the first two requirements are met, the trial court must grant the request unless there is a showing of "paramount interest" in nondisclosure. In re WTHR-TV, 693 N.E.2d at 6 (citing Kindred v. State, 540 N.E.2d 1161, 1174 (Ind. 1989)).[3] The Court of Appeals concluded that the requests at issue failed to even make the first showing (particularity). Crawford, 946 N.E.2d at 1228. We agree.

As the first requirement of the three, the particularity showing serves a gatekeeping function to the discoverability of information. We require that an item be designated with reasonable particularity for several reasons. It enables the subpoenaed party to identify what is being sought and the trial court to determine whether there has been sufficient compliance with the request, In re WTHR-TV, 693 N.E.2d at 6 (citing Sexton v. State, 257 Ind. 556, 558, 276 N.E.2d 836, 838 (1972)), and it prohibits the requesting party from engaging in an impermissible "fishing expedition," id. at 7. "[W]hat constitutes reasonable particularity 'will depend on the facts of each individual case, the crime charged, the nature of the items sought to be discovered, the degree of discovery of other items of information, the nature of the defense, etc.'" Id. at 6-7 (quoting Dil-

---

[3] As noted in In re WTHR-TV, 693 N.E.2d at 6 n.4, this three-step test has its origins in Dillard v. State, 257 Ind. 282, 290-93, 274 N.E.2d 387, 391-93 (1971).

lard v. State, 257 Ind. 282, 291, 274 N.E.2d 387, 392 (1971)).  In general, the particularity requirement demands something more precise than "'give me everything related to the case.'"  Id. at 8.

With respect to Request #18 and Request #19, Crawford argues that he "was, in effect, simply seeking footage of interviews of potential witnesses, either police or civilian [and] either known to [him] or unknown, who might have information pertinent to [his] defense."  Pet. to Transfer 7.  Although we understand why Crawford might want this information, we agree with the lower courts that he has failed to state with reasonable particularity what he wants.  He seeks "footage of any and all statements of [IMPD] officers, agents, or affiliates" and "footage of anyone interviewed or questioned . . . in connection with the investigation of the death of [the murder victim]."  Arguably, he requests something more particular than "give me everything related to the case," but he is still basically asking for anything anyone has ever said to Lucky Shift with regard to this case.  We see no real difference between the two.  In each of the challenged requests, Crawford does not state with reasonable particularity what footage or statements or interviews he seeks – he is merely fishing for it.  But, as we have noted, "discovery rights do not entitle a criminal defendant to commandeer the efforts of third parties as a substitute for independent defense investigation."  WTHR-TV v. Milam, 690 N.E.2d 1174, 1176 (Ind. 1998).

We recognize that the particularity requirement is not to be "construed strictly against the defendant but should be administered so as to maximize pre-trial discovery and the benefits to the judicial system which flow therefrom."  Dillard, 257 Ind. at 291, 274 N.E.2d at 392 (citation omitted).  But "[o]ur standard of review in discovery matters is limited to determining whether the trial court abused its discretion."  Terre Haute Reg'l Hosp., Inc. v. Trueblood, 600 N.E.2d 1358, 1362 (Ind. 1992) (citing Logal v. Cruse, 267 Ind. 83, 88-89, 368 N.E.2d 235, 238 (1977)).  As the Court of Appeals recognized, these requests have "potentially broad scope with respect to the number of people and the time period involved" and are "especially broad in comparison to the thirteen requests made by Crawford that the trial court granted, such as Request #3, 'state-

5

ments made to and from Dr. Clouse.'"[4] <u>Crawford</u>, 946 N.E.2d at 1228. We cannot say that the trial court abused its discretion in quashing these discovery requests.

## Conclusion

Crawford's requests were not made with sufficient particularity. We therefore affirm the judgment of the trial court.

Shepard, C.J., and Dickson, Rucker, and David, JJ., concur.

---

[4] Other examples of the thirteen requests that met the particularity requirement include: 1) "Footage of statements and any reenactments of statements made to and from Detective Breedlove"; 2) "Footage of statements and any reenactments of statements made to and from Officer Adkins, IMPD"; 3) "Footage of statements and any reenactments of statements made to and from Donald Hurd"; and 4) "Footage of the crime scene, specifically any footage of the address of 1167 North Medford, Indianapolis, Indiana only." Appellant's App. 296-97 (emphasis omitted).