Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 21 2012, 9:23 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CHRISTOPHER A. RAMSEY**
Ramsey Law Office
Vincennes, IN

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GREGORY A. VORIES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 42A04-1201-CR-32 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE KNOX SUPERIOR COURT
The Honorable W. Timothy Crowley, Judge
Cause No. 42D01-1102-FB-31

**August 21, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Gregory A. Vories appeals the denial of his motion for modification of bond. The State responds that we are without jurisdiction to hear the appeal because Vories did not comply with Indiana Appellate Rule 14(B) for certification of a discretionary interlocutory appeal.

We dismiss.

On February 14, 2011, the State charged Vories with dealing in methamphetamine, a class B felony. That same day, the trial court set cash bail at $25,000. Thereafter, on March 2, Vories filed an application for release on recognizance or a reduction of bail. Following a hearing and agreement by the parties, on May 12, the court allowed Vories to post a ten percent cash bond subject to specific conditions, including placement on electronic home monitoring.

On August 3, 2011, the probation department notified the trial court of multiple violations of Vories's release conditions. The trial court immediately issued a bench warrant and reinstated the $25,000 cash bond. On September 23, 2011, Vories filed a motion for modification of bond, seeking reinstatement of the May 12 order. At the hearing on January 5, 2012, Vories indicated that the basis of his modification motion was that the court failed to hold an evidentiary hearing before reinstating the original cash bond. The trial court denied the motion for modification of bond. Vories now appeals.

Contrary to his assertion in his notice of appeal, Vories does not appeal from a final judgment but rather from an interlocutory order. Appeals from interlocutory orders are governed by Indiana Appellate Rule 14. Rule 14(A) is an exhaustive list of types of interlocutory orders that may be taken as a matter of right, and Rule 14(B) provides in part

that "[a]n appeal may be taken from other interlocutory orders if the trial court certifies its order and the Court of Appeals accepts jurisdiction over the appeal."

In the instant case, the denial of the motion for modification of bond does not qualify as an interlocutory appeal of right under Rule 14(A). Therefore, Vories was required to first seek and obtain certification from the trial court authorizing an appeal from the interlocutory order. Upon obtaining certification, he would then be required to move this court to accept the interlocutory appeal. Vories did not attempt either of these steps. Accordingly, we are without jurisdiction to hear Vories's arguments and we must dismiss the appeal. *See Daimler Chrysler Corp. v. Yaeger*, 838 N.E.2d 449 (Ind. 2005); *Allstate Ins. Co. v. Scrogham*, 801 N.E.2d 191 (Ind. Ct. App. 2004), *trans. denied*.

Dismissed.

BROWN, J., and DARDEN, Senior Judge, concur.