IN THE
COURT OF APPEALS OF INDIANA

IN RE INDIANA NEWSPAPERS, INC.,       )
d/b/a THE INDIANAPOLIS STAR,          )
                                      )
        Appellant,                    )
                                      )
    vs.                               )   CAUSE NO. 49A02-1211-PL-898
                                      )
JEFFREY M. MILLER, et al.,            )
                                      )
        Appellees.                    )

## PUBLISHED ORDER ON REHEARING

The Indianapolis Star ("The Star") has filed a petition for rehearing ("Petition") following our December 7, 2012, Published Order Dismissing Appeal for lack of jurisdiction ("Order"). The Millers have not filed a response to the Petition.[1]

In its original briefing, The Star maintained that the Discovery Order at issue here was a final judgment eligible for direct appeal. When we scheduled oral argument on The Star's Motion to Stay, we asked the parties "to address whether the court has jurisdiction to consider the trial court's discovery order." We rejected The Star's arguments for the reasons stated in our Order.[2] Now The Star advances a number of additional arguments as grounds for the exercise of jurisdiction in this case. It is a well-

---

[1] While The Star's Petition was pending before this court, The Star filed an Emergency Motion to Accept Jurisdiction Pursuant to Indiana Appellate Rule 56(A) in our Supreme Court. On December 20, our Supreme Court denied The Star's emergency request, stating that "[j]urisdiction, to the extent it exists in this matter, remains with the Court of Appeals." See Dec. 20, 2012, Docket Entry, No. 49A02-1211-PL-898.

[2] Among other reasons, we noted that The Star's rationale for jurisdiction amounts to a constitutional challenge to our rules of procedure and leads to the conclusion that every interlocutory order would be subject to an immediate direct appeal. See Order at 15-16.

settled rule that a party may not advance new arguments on rehearing, and, to the extent the Petition breaks new ground, it is out of bounds. Carey v. Haddock, 881 N.E.2d 1050, 1051 (Ind. Ct. App. 2008), trans. denied. When a party offers new arguments in a petition for rehearing, we usually deny the petition. Nevertheless, we have granted the Petition to consider the additional reasons The Star now presents for this court to exercise jurisdiction.

As a preliminary matter, we address The Star's contention that "it is fundamentally unfair to punish The Star with dismissal of an appeal for following the identical procedure which led to success in the face of a jurisdictional challenge and the appeal on the merits" in the first appeal. Petition at 3-4; see Miller v. Junior Achievement of Central Indiana, Inc. (In re Indiana Newspapers, Inc.), 963 N.E.2d 534 (Ind. Ct. App. 2012) ("Miller I"). We take such a charge of unfairness seriously, but this court's decision is not unfair. Rather, it would be not only unfair but an abuse of discretion for this court to exercise jurisdiction over an appeal in which we lack subject matter jurisdiction. The first principle of adjudication is that a court must have subject matter jurisdiction before it can address the merits of a case. This principle is not specific to these parties or this case. See Allstate Ins. Co. v. Scroghan, 804 N.E.2d 191, 193 (Ind. Ct. App. 2004) ("It is the duty of this Court to determine whether we have jurisdiction before proceeding to determine the rights of the parties on the merits."), trans. denied. With that in mind, we will briefly address the four arguments that The Star has raised in its Petition.

First, The Star contends that the jurisdictional issue is controlled by the law of the case, namely, that, "[t]his appeal came to this Court by the same procedural route" as did the first appeal. Petition at 2. The law of the case doctrine is a discretionary rule of practice. Haskell v. Peterson Pontiac GMC Trucks, 609 N.E.2d 1160, 1163 (Ind. Ct. App. 1993). The writing panel in Miller I did not address jurisdiction. See William A. Ramsey, Appealing Orders Before a Case Ends: Dos, Don'ts and Modest Proposals, 56 Res Gestae, Dec. 2012, at 13, 19 n.59 ("[U]nfortunately, the published decision [in Miller I] did not include a jurisdictional discussion. Thus, we do not know the grounds on which the motions panel determined that appellate jurisdiction existed."). Further, as we explained in the Order, "the lack of appellate jurisdiction can be raised at any time," and it can be raised by a party or by the court sua sponte. Order at 6 (quoting Georgos v. Jackson, 790 N.E.2d 448, 451 (Ind. 2003)). We have a continuing duty to take notice of our lack of jurisdiction. Wesley v. State, 696 N.E.2d 882, 882-83 (Ind. Ct. App. 1998) ("Without proper certification, we have no jurisdiction to entertain the appeal."). Thus, we will not apply the discretionary law of the case doctrine to impute a holding on the question of subject matter jurisdiction, which, as a matter of law, is not final and may be raised at any time. See id.; see also Wedel v. Am. Elec. Power Serv. Corp., 839 N.E.2d 1236, 1247-48 (Ind. Ct. App. 2006) (declining to be bound by the discretionary law of the case doctrine where the issue was standing and, hence, jurisdiction over the case), trans. denied.

The Star also contends that, "given this Court's express and implicit finding of jurisdiction in [Miller I], The Star had no reason to assert jurisdiction in this appeal on a

3

discretionary basis, especially given the Indiana Constitution's guarantee of the right to appeal." Petition at 3. In its Notice of Appeal, and in its original briefing, The Star elected to assert jurisdiction on the grounds that the Discovery Order was a final judgment. As we explained in the Order, the trial court's Discovery Order was not a final judgment, and The Star's constitutional argument misunderstands the "absolute right to one appeal" provision in Article VII, Section 6 of the Indiana Constitution. Our Supreme Court has noted that "[t]he Judicial Study Commission commentary indicates that the 'one appeal' provision was to ensure that the rules allocating appellate jurisdiction would not 'infringe [upon] the traditional right to one appeal'" and that "[t]he clause appears not as an enumerated right in Article I but as a restriction on our rule-making authority in Article VII." Campbell v. Criterion Group, 605 N.E.2d 150, 158 n.14 (Ind. 1992). We have found no authority to suggest that the traditional right to one appeal preserved in Article VII, Section 6 includes the right to a direct appeal from interlocutory orders.

Second, The Star contends that the Indiana Supreme Court's opinion in In re WTHR-TV, 693 N.E.2d 1 (Ind. 1998), authorizes us to disregard the Rule 14(B) trial court certification requirement for a discretionary interlocutory appeal and to decide this case on the merits. In In re WTHR-TV, in a footnote, our Supreme Court did not require "technical compliance" with the predecessor to Rule 14(B), our previous Appellate Rule 4(B)(6), finding it "apparent from the record that the trial court found the dispute here to be of sufficient importance to warrant immediate appellate review." Id. at 5 n.2. Thus, The Star contends that In re WTHR-TV "squarely stands for the proposition that this Court may exercise jurisdiction in non-party cases such as this, particularly where the

4

Supreme Court has found that a stay order necessarily constitutes the trial court's certification that 'the dispute here [is] of sufficient importance to warrant immediate appellate review.'" Petition at 8-9 (quoting In re WTHR-TV, 693 N.E.2d at 5 n.2) (alteration original to Petition). The Star argues that In re WTHR-TV is "still good law." Id. at 6. We are not persuaded that In re WTHR-TV carves out an exception that obviates compliance with Appellate Rule 14(B). Seven years later, in Daimler Chrysler Corp. v. Yaeger, 838 N.E.2d 449, 450 (Ind. 2005), our Supreme Court reaffirmed that a discretionary interlocutory appeal pursuant to Rule 14(B) is available "only upon both certification by the trial court and acceptance by the Court of Appeals."

In re WTHR-TV differs on its facts from this case. From its inception, In re WTHR-TV was a discretionary interlocutory appeal. In In re WTHR-TV, the appellant requested our Supreme Court to accept jurisdiction when it petitioned the court for immediate transfer of jurisdiction. See Appellant's Verified Petition for Immediate Transfer, In re WTHR-TV, 693 N.E.2d 1 (Ind. 1998) (No. 49S00-9709-CR-484). But here The Star treated the Discovery Order as if it were a final judgment.

Thus, The Star did not simply fall short of "technical compliance" with Appellate Rule 14(B) but made no attempt to comply with that Rule. See In re WTHR-TV, 693 N.E.2d at 5 n.2. Having expressly disavowed Rule 14(B) as a basis for jurisdiction in its Notice of Appeal and original filings with this court, The Star asks that we disregard more than "procedural irregularities." See WTHR-TV v. Milan, 690 N.E.2d 1174, 1175 n.2 (Ind. 1998) (interlocutory companion case to In re WTHR-TV, 693 N.E.2d 1). The

5

Star's reliance on <u>In re WTHR-TV</u> as authority for the exercise of appellate jurisdiction in this case is misplaced.

Third, The Star relies on Indiana Appellate Rule 14(A). Specifically, The Star contends that the Discovery Order did not comply with Trial Rule 34(C) and that the trial court's non-compliant order cannot evade the jurisdiction of the Court of Appeals. In other words, The Star reasons that, had the Discovery Order complied with Trial Rule 34(C), namely, had the trial court conditioned its Discovery Order upon the prepayment of damages to be proximately incurred by The Star or required an adequate surety bond or other indemnity, this appeal would be an appeal as of right under Rule 14(A)(1).[3]

Presumably, The Star could have resisted the Discovery Order on the grounds that the trial court had failed to comply with the payment of damages and indemnification provisions of Trial Rule 34(C) as a condition precedent to its compliance with the Discovery Order. But The Star has presented no argument or citation to the record on the issue of damages related to the Discovery Order. <u>See</u> Ind. Appellate Rule 46(A)(8)(a); <u>see also</u> <u>Planck v. Cmty. Hosps. of Ind., Inc.</u>, ___ N.E.2d ___, slip op. at 6 (Ind. 2013) ("appellate review presupposes that a litigant's arguments have been raised and considered in the trial court."). And in <u>Scroghan</u>, 801 N.E.2d at 194, we expressly rejected the argument that a discovery order that requires the expenditure of money to comply with discovery is equivalent to an order for the payment of money appealable as a matter of right under Rule 14(A)(1). Moreover, this is a new argument by The Star,

_____

[3] The Star also references, in passing, Indiana Appellate Rule 14(A)(3). Petition at 10. But The Star presents no argument that explains why or how Rule 14(A)(3) applies on these facts. Accordingly, any resort to this Rule is waived.

both on appeal and on rehearing, and The Star has not shown that it preserved this issue for appeal by raising it with the trial court. In sum, this is a hypothetical argument in that there is no basis in the current record that would support an appeal as of right under Trial Rule 34(C).

Fourth, in its original briefing The Star asserted, and it now reasserts, that Appellate Rule 66(B) should be available to save this appeal from a procedural default. We dismissed that argument, stating that "that rule does not supplement our jurisdiction to hear interlocutory appeals under Appellate Rule 14." Order at 2 n.2 (citing Scroghan, 801 N.E.2d at 195-96); see also Daimler Chrysler Corp., 838 N.E.2d at 450 (agreeing with this court's conclusion that Rule 66(B) "should not be interpreted as an alternative authorization to litigants to initiate interlocutory appeals apart from, or in addition to, the authorization provided" by Rule 14) (quoting Scroghan, 801 N.E.2d at 195).

In its Petition, The Star now asserts for the first time that neither Daimler Chrysler Corporation nor Scroghan prohibits the use of Appellate Rule 66(B) as a "proxy" for Trial Rule 54(B). Petition at 12. The Star contends that, if Appellate Rule 66(B) "does not apply here[,] it does not apply anywhere." Petition at 12. But it cites no authority for its proposition that Rule 66(B) can be used to circumvent the requirements of Trial Rule 54(B). Here, it was obvious that the Discovery Order did not dispose of all the claims and parties, but The Star did not ask the trial court to enter the Discovery Order as a final judgment. While Rule 66(B) might cure a minor or insubstantial procedural defect, it will not salvage a total failure to comply with Trial Rule 54(B).

We affirm the Order in all respects.

7

Having reviewed the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Appellant's Petition for Rehearing is GRANTED.

2. The December 7, 2012, Published Order Dismissing Appeal in this matter is AFFIRMED.

3. The Clerk of this Court is directed to serve copies of this order on the parties, the trial court, and the Clerk of the Marion Circuit & Superior Courts.

4. The Clerk of the Marion Circuit & Superior Courts is ordered to file a copy of this order under Lower Cause No. 49D07-1003-PL-14761, and, pursuant to Indiana Trial Rule 77(D), the Clerk shall place the contents of this order in the Record of Judgments and Orders.

5. The Clerk of this Court is directed to send copies of this order to the Thomson Reuters West Publishing Company and to all other companies, services, and individuals to whom published opinions and orders are normally sent.

ORDERED this 18th day of January, 2013.

Najam, Brown, JJ, concur.

FOR THE COURT,


/s/ Margret G. Robb
Chief Judge


Pyle, J., dissents.

8