**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 09 2013, 9:52 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOHN A. GOODRIDGE**
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WILLIE L. MONTGOMERY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A05-1305-CR-246 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH CIRCUIT COURT
The Honorable Kelli Fink, Magistrate
Cause No. 82C01-1207-FD-916

**December 9, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Upon interlocutory appeal, Willie L. Montgomery appeals the denial of his motion to dismiss a charge that he failed to register as a sex or violent offender, a class D felony pursuant to Ind. Code Ann. § 18-8-8-17(a)(1) (West, Westlaw current with all 2013 legislation). He contends the trial court erred in denying his motion to dismiss. Lacking subject matter jurisdiction in this cause, we cannot consider the merits of his argument.

We dismiss.

The facts are that Montgomery is a convicted sex offender who is required to register under Indiana's Sex Offender Registry Act. *See* Ind. Code Ann. §§ 11-8-8-1 – 11-8-8-22 (West, Westlaw current with all 2013 legislation). On July 6, 2012, Indiana State Police detectives performed a check on Montgomery's registered residential address in Pike County and learned that he had moved out of Pike County several weeks earlier. He failed to fulfill his obligation to apprise the Pike County Sheriff's Department of his move. Detectives traveled to the registered address, where members of Montgomery's family, who lived at that same address, gave the detectives the cell phone number of Montgomery's girlfriend, Gabrielle Elkins. Detectives contacted Elkins about Montgomery's whereabouts. She informed them that Montgomery had been living with her "off and on over the last six weeks" in her Vanderburgh County home. *Appellant's Appendix* at 3. They traveled to her residence in Evansville and encountered Montgomery there. Montgomery told the detectives he had moved from Pike County to the present location in June 2012 but had neglected to notify either the Pike County Sheriff or the Vanderburgh County Sheriff. The detectives reported the results of their investigation to the prosecutor's offices in both Pike and

2

Vanderburgh Counties.

On July 18, 2012, Montgomery was charged in Pike County with failure to register his move from Pike County. On July 19, 2012, Montgomery was charged in Vanderburgh County with failure to register his residence in Vanderburgh County. On October 3, 2012, Montgomery pleaded guilty to the charge in Pike County and was sentenced to 180 days incarceration. On March 6, 2013, Montgomery filed a motion to dismiss the Vanderburgh County charge. After a hearing, the trial court denied Montgomery's motion. Montgomery claims the court erred in doing so.

We are unable to address the merits of Montgomery's appeal because we lack subject-matter jurisdiction to do so. On Montgomery's Notice of Appeal, under the section, "Information for Judgment/Order Being Appealed", Montgomery checked the box signifying that his is an "Appeal from an interlocutory order, taken as of right pursuant to Appellate Rule 14(A), (C), (D) [.]"[1] Indiana Appellate Rule 14(C) governs interlocutory appeals from orders granting or denying class-action certification. This clearly is not such a case. App. R. 14(D) is a catch-all provision, governing "other interlocutory appeals [that] may be taken only as provided by statute." We can find no statute under which the denial of the motion to dismiss a criminal charge is identified as a matter that may be the subject of an interlocutory appeal as a matter of right. This leaves App. R. 14(A).

App. R. 14(A) sets out nine orders from which an interlocutory appeal may be taken

---

[1] Of course, Montgomery's Notice of Appeal was not included in his appendix. Rather, it is a part of the materials generated as a result of this appeal, which are kept in an unpaginated folder, which in turn is kept with Montgomery's other appellate materials. Therefore, there is no page-number reference to provide in conjunction with this material.

as a matter of right. *See Daimler Chrysler Corp. v. Yaeger*, 838 N.E.2d 449 (Ind. 2005). Those include orders: (1) for the payment of money; (2) to compel the execution of any document; (3) to compel the delivery or assignment of securities, evidence of debt, documents, or things in action; (4) for the sale or delivery of the possession of real property; (5) granting or refusing to grant, dissolving, or refusing to dissolve a preliminary injunction; (6) appointing or refusing to appoint a receiver, or revoking or refusing to revoke the appointment of a receiver; (7) for writ of habeas corpus not otherwise authorized to be taken directly to the Supreme Court; (8) transferring or refusing to transfer a case under Trial Rule 75; and (9) issued by an administrative agency that, by statute, is expressly required to be appealed as a mandatory interlocutory appeal. The trial court's denial of Montgomery's motion to dismiss the charge against him in Vanderburgh County does not qualify for an interlocutory appeal as a matter of right under App. R. 14(A), as it is not included in the foregoing list. Therefore, Montgomery's Notice of Appeal was inaccurate in stating that the present interlocutory appeal may be brought as a matter of right.

App. R. 14(B) governs interlocutory appeals not qualifying under App. R. 14(A) Subsection (B) provides that other interlocutory appeals (i.e., those that do not qualify under App. R. 14(A)) may be taken "if the trial court certifies its order and the Court of Appeals accepts jurisdiction over the appeal." App R 14(B)(2) states: "if the trial court certifies and order for interlocutory appeal, the Court of Appeals, in its discretion, *upon motion by a party*, may accept jurisdiction of the appeal." (Emphasis supplied.) An appellant must meet both requirements of subsection (B) in order to bring an appeal under its auspices. *See Daimler*

*Chrysler Corp. v. Yaeger*, 838 N.E.2d at 450 ("the defendant's motion to dismiss and compel arbitration does not qualify for an interlocutory appeal under 14(A), and thus may be the subject of an interlocutory appeal only upon both certification by the trial court and acceptance by the Court of Appeals pursuant to 14(B)").

In the present case, the trial court certified its ruling, thus meeting the first criterion. The second criterion, however, has not been met. Montgomery inaccurately apprised this court that the order he was appealing was governed by App. R. 14(A), in which case we would obtain jurisdiction over the appeal automatically upon the filing of the notice of appeal. In point of fact, this appeal arises under App. R. 14(B) and is therefore a discretionary interlocutory appeal for which Montgomery must submit a motion asking this court to exercise its discretion and accept jurisdiction of the appeal. Montgomery did not file such a motion. Therefore, our jurisdiction has not properly been invoked and this appeal must be dismissed.

Appeal dismissed.

BAKER, J., and VAIDIK, J., concur.