**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 19 2014, 10:22 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DAVID P. MURPHY**
David P. Murphy & Associates, P.C.
Greenfield, Indiana

ATTORNEY FOR APPELLEE:

**MICHAEL E. BORING**
Boring & Boring, P.C.
New Palestine, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SOPHIA L. MASTERS, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 30A01-1406-DR-238 |
| | ) | |
| RYAN E. MASTERS, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE HANCOCK SUPERIOR COURT
The Honorable Terry K. Snow, Judge
Cause No. 30D01-1205-DR-1134

**December 19, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Sophia L. Masters ("Mother") appeals the trial court's grant of Ryan E. Masters' ("Father") petition for a temporary order restraining Mother from removing the parties' children out of the state. But we do not reach the merits of the issues Mother raises on appeal because we lack jurisdiction. We dismiss.

## FACTS AND PROCEDURAL HISTORY

Mother and Father are divorced and have two minor children together. After the divorce, the children lived with Mother, and Father exercised liberal parenting time. In early 2014, Mother applied for an active duty position in the United States Army Guard Reserve ("AGR program"), was accepted into the program, and was stationed in North Carolina. Accordingly, Mother filed a notice of intent to relocate with the trial court. Father objected and moved the trial court for an order restraining Mother's relocation with the children. Following a hearing, the trial court ordered that Mother "is restrained from removing the children . . . out of state without prior approval of the Court."[1] Appellant's App. at 8. This interlocutory appeal ensued.

## DISCUSSION AND DECISION

In her notice of appeal, Mother alleged that this court's jurisdiction is based on Appellate Rule 14(B)(3). But Mother sought neither certification of this discretionary interlocutory appeal from the trial court nor acceptance of the appeal from this court. Accordingly, we lack jurisdiction under Appellate Rule 14(B)(3) to hear this appeal. See Daimler Chrysler Corp. v. Yaeger, 838 N.E.2d 449, 449-50 (Ind. 2005).

---

[1] Father has since filed a motion for modification of parenting time, custody and support, and, according to Father, a final hearing was held on September 8, 2014.

Further, we note that the appellate docket includes an entry by the Clerk of this court stating that Mother claimed jurisdiction under Indiana Appellate Rule 14(A)(5). And, in Mother's brief, she asserts that this is an interlocutory appeal based on Appellate Rule 14(A)(5) and results from the entry of a temporary restraining order. Appellant's Br. at 11. These statements conflict with Mother's notice of appeal and amended notice of appeal, both of which allege jurisdiction under Rule 14(B)(3). Regardless, our supreme court has held that a temporary restraining order is not appealable as of right under Rule 14(A)(5). See Witt v. Jay Petroleum, Inc., 964 N.E.2d 198, 203 (Ind. 2012).

Dismissed.

MATHIAS, J., and BRADFORD, J., concur.