BAILEY, Judge.
Case Summary
[1] Thomas E. Hale (“Hale”) was convicted of one count of Dealing in Methamphetamine, as a Class A felony, and was sentenced to forty years imprisonment.[1] He now appeals, raising for our review the sole issue of whether the trial court abused its discretion when it did not, before trial, permit him to depose two of the State’s witnesses against him.
[2][1] We affirm.
Facts and Procedural History
[3] In February 2014, a number of individuals, including Ricci Davis (“Davis”) and Rachelle Lesh (“Lesh”), were living in a residence on Franklin Street in Huntington. .By May 2014, Amanda Casto (“Cas-to”) and Mike Fisher (“Fisher”), also resided at or frequented the residence. Davis frequently manufactured methamphetamine in the home, and most of the adults living in or frequenting the home used methamphetamine, often obtained from Davis in exchange for the supplies required for the manufacturing process.
[4] Sometime in late February or early March 2014, Hale made occasional visits to the Franklin Street home. On several occasions, Hale brought packages of pseu-doephedrine tablets, which are sometimes used to manufacture methamphetamine. Like others at the residence, Haíe would exchange these packages for methamphetamine. On at least one occasion, Hale helped measure out other ingredients to be used for the drug’s manufacture. And on one occasion during this period, Hale started the manufacturing process himself using a small-batch preparation method involving water and other ingredients mixed together in a plastic bottle.
[5] On May 19, 2014, Davis called 911 to report his own methamphetamine overdose; when police inquired as to how many individuals were in the home, Davis ended the phone call. Police determined that there were two outstanding warrants for his arrest.' As a result of-this investigation and other calls made to the police department that day concerning the Franklin Street residence, police conducted surveillance on the home that evening.
[6] After conducting surveillance, police approached the residence to investigate. Hale was among those at the residence, and he and the other occupants of the home eventually agreed to cooperate with police. Police conducted a search of the residence and discovered an active methamphetamine manufacturing laboratory. Hale and the others were arrested at that time. . -
[7] On May 20, 2014, the State charged Hale with Dealing in Methamphetamine. On August 25, 2014, after Hale learned that Fisher and Casto had entered into plea agreements with the State, Hale filed a motion seeking, to depose the two at public expense. The trial court denied the motion.
[8] After several continuances, a jury trial was conducted on November 19 and 20, 2014. Fisher and Gasto both testified at trial, and Hale cross-examined them. Lesh, who was not charged in this matter, also testified at trial. At trial, Hale did *132 not object to the introduction of testimony from Fisher-or Casto, and did not seek a continuance.
[9] At the conclusion of the trial, the jury found Hale guilty aS charged. On January 12, 2015, the trial court entered judgment of conviction against Hale and sentenced him to forty years imprisonment.
[10] This appeal ensued.
Discussion and Decision
[11] Hale requests that we reverse the judgment of the trial court and order a new trial because the trial court denied his motion seeking payment of deposition costs to depose Casto and Fisher. Discovery matters are left to the sound discretion of the trial court, and we will reverse only where the court abused that discretion., Crawford v. State, 948 N.E.2d 1165, 1169(Ind.2011).
[12] In a criminal case, “[t]he state and the defendant may take and use depositions of witnesses in accordance with the Indiana Rules’ of Trial Procedure.'” I.C. § 35-37-4-3. When a party seeks pretriál discovery of non-privileged information in a criminal matter, a three-step test applies:
(1) there must be sufficient designation of the items sought to be discovered (particularity); (2) the requested items must- be material to the defense (relevance or materiality); and (3) if the first two requirements are met, the trial court must grant the request unless there is-a showing of. “paramount interest” in nondisclosure.
In re Crisis Connection, Inc., 949 N.E.2d 789, 794 (Ind.2011). Hale argues that both (1) and (2) are satisfied, and that the State did not meet (3), and thus the trial court was required to grant his request to conduct the depositions.
[13] Here, Hale sought payment of costs associated with ’ deposing two code-fendants, Fisher and Casto, who had agreed with the State to enter guilty plea? in exchange for their testimony against Hale at trial. In his brief, Hale states that “the opportunity to depose the co-defendants to determine the substance of their testimony prior to trial” would have aided his defense. Appellant’s Br. at 8. Specifically, Hale complains that he was unable to uncover these individuals’ possible biases or to probé inconsistencies in their testimony. Thus, Hale’s request was sufficiently specific and his request was material to his defense: he requested payment of expenses associated with the deposition of two co-defendants who had entered into plea agreements.in exchange for their testimony in Hale’s case. Further, at no point did the State oppose taking these depositions; indeed, Hale’s motion seeking payment of costs represented to the trial court that the State had already agreed to a specific date for the depositions of Fisher and Casto. .
[14] Where, as here, depositions are at issue, the Indiana Supreme Court has held:
It is of no significance that there was eyewitness testimony. Nor does it matter that the defendant’s task of rebutting the State’s evidence seems insurmountable". We simply cannot say that the inability to depose the seven witnesses was harmless. The fact that there may have been other evidence sufficient to sustain the conviction in no way meets this problem. We cannot presume, as a matter of law, that no exculpatory or mitigating evidence would have surfaced from the depositions sought. Even if it were determined retrospectively that nothing in aid of his ’, defense was discoverable, we could not discount the effect of a denial. Effective counseling is dependent upon *133 knowledge of the facts, and it is essential that weaknesses as-well as strengths be discovered and intelligently addressed.
Murphy v. State, 265 Ind. 116, 120-21, 352 N.E.2d 479, 482-83.(1976). The Murphy Court found an abuse of discretion, without application of harmless error analysis, for failure of the trial court to grant a motion for payment of deposition costs like the motion at issue here. ..
[15] We think that subsequent guidance tempers the holding in Murphy. ‘ For example, in O’Conner v. State, 272 Ind. 460, 399 N.E.2d 364 (1980), overruled on other grounds by Watts v. State, 885 N.E.2d 1228 (Ind.2008), O’Conner appealed and challenged, in part, the trial court’s denial of his oral motion to depose two witnesses identified by the State shortly before trial, and in apparent violation of discovery orders. Id. at 462-63, 399 N.E.2d at 366-67. Expressly rejecting this Court’s conclusion that O’Conner’s motion to take depositions of these, surprise witnesses preserved the. matter for appellate review, our supreme court, in O’Conner found that “the appellant’s oral motion to depose”, did not “preserve this issue for appellate review.” Id. at 462, 399 N.E.2d at 366. Instead, the O’Conner Court concluded that the proper remedy in such situations—surprise witnesses produced in violation of a discovery order— was either “[exclusion ... when . the State’s action is so misleading or demonstrates such bad faith that the only way to avoid a denial of fair trial ... is to exclude the evidence,” or “[ajbsent such circumstance, a continuance.” Id.
[16] The result in O’Conner is part of a long line of cases concerning the appealability of pre-trial rulings on discovery, suppression, and ..in limine rulings generally:
The failure to make a contemporaneous objection to the admission of evidence at trial results in waiver of the error on. appeal. A contemporaneous objection affords the trial court the opportunity to make a final ruling on the matter in the context in which the evidence is introduced.
Jackson v. State, 735 N.E.2d 1146, 1152 (Ind.2000) (citations omitted); also Myers v. State, 887 N.E.2d 170, 184 (Ind.Ct.App.2008) (holding that failure to renew a challenge to evidence at trial after an unsuccessful motion in limine constitutes waiver), trans. denied. Often, even a continuance of a day or less is sufficient to permit deposition of a witness for purposes of preparing for trial. See, e.g., Liddell v. State, 948 N.E.2d 367, 372-73 (Ind.Ct.App.2011).
[17]. We think that the logical consequence of the interaction of Murphy with the established cases on waiver would, upon objection and request for a continuance at trial, afford a trial court with little or no discretion. This result protects the right of a criminal defendant to obtain discovery in his dr her defense. As with other pre-trial discovery matters, however, failure to timely object and séek a continuance waives appellate review of the pre-trial denial.[2]
[18] Here, Hale did not seek a ruling in limine excluding the testimonies of Fisher and Casto after the pre-trial denial of his motion for payment of deposition expenses, The trial date was continued after the court’s denial of the motion, but *134 Hale did not renew his efforts to obtain payment of deposition expenses.
[19] At trial, when Fisher and Casto were called as witnesses, Hale did not seek to exclude their testimony, renew a request to depose them, or seek a continuance. He instead proceeded on to generally well-conducted cross-examinations. Thus, we conclude that Hale’s contention as to the propriety of the trial court’s denial of his motion for payment of deposition costs is waived for appellate review.
[20] We accordingly affirm his conviction.
[21] Affirmed.
BAKER, J., concurs.
MATHIAS, J., dissents with separate opinion.

. Ind. Code § 35-48-4-1,1. Effective July 1, 2014, the Indiana General Assembly enacted revisions to numerous provisions of Indiana’s criminal statutes. Hale’s offense was committed before July 1, 2014, and we refer throughout to the statutory provisions applicable at that time.

. Given the consequences outlined by the Murphy Court for failure to permit pre-trial depositions in criminal cases, a defendant might also request the trial court’s certification of its order for discretionary interlocutory appellate review. See Ind. Appellate Rule 14(B).