# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 07 2017, 8:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeremy K. Nix
Huntington, IN

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, IN

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Thomas L. Hale,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | September 7, 2017<br><br>Court of Appeals Case No.<br>35A04-1704-CR-889<br><br>Appeal from the Huntington<br>Superior Court<br><br>The Honorable Jennifer E.<br>Newton, Judge<br><br>Trial Court Cause No.<br>35D01-1405-FA-132 |

**Vaidik, Chief Judge.**

# Case Summary

[1] Thomas L. Hale appeals his forty-year sentence for Class A felony dealing in methamphetamine. He contends that his sentence is inappropriate in light of the nature of the offense and his character. Because Hale has failed to persuade us that his sentence is inappropriate, we affirm.

# Facts and Procedural History

[2] In February 2014, husband and wife Ricci Davis and Melinda Beougher and several others moved into a house on Franklin Street in Huntington. The house, which was owned by Beougher's mother, was within 1000 feet of a youth-program center. Davis and his friends manufactured methamphetamine in an upstairs bedroom in the house on an almost-daily basis. Hale, who was on parole, and others purchased pseudoephedrine to make the meth. *See* Ex. 54. Hale moved into the house around April 2014 when one of the residents was arrested.

[3] On May 19, 2014, Davis and Hale were cooking meth in the upstairs bedroom. Several other people were downstairs at the time, including two children. Around 10:40 p.m., a person claiming to be Davis called the Huntington Police Department to say that there was meth at the Franklin Street house, that he was on meth, and that he had active warrants for his arrest. The police department verified that there were warrants for Davis and then dispatched officers to the house. Davis and Hale were in the upstairs bedroom when officers arrived.

Someone from downstairs yelled to them that the police were there, and Davis and Hale started putting things away. About twenty-five to thirty minutes later, Davis and Hale came downstairs. Officers attempted to speak with Hale, but he was high; he later "crash[ed]" and was "completely out of it." Tr. Vol. IV p. 93. A search of the house revealed a strong chemical odor associated with the manufacture of meth coming from the upstairs bathroom, ingredients used to make meth, a handwritten note containing instructions on how to make meth, reaction vessels, and an HCL generator.

[4] Hale was arrested and charged with Class A felony dealing in methamphetamine for manufacturing meth within 1000 feet of a youth-program center. Ind. Code Ann. § 35-48-4-1.1(b)(3)(B)(iv) (West 2012).[1] A jury found him guilty as charged.[2]

[5] Hale was thirty-three years old at the time of the sentencing hearing. Evidence was presented that he had fifteen felony convictions, four misdemeanor convictions, and nine petitions to revoke his probation. In addition, he was on parole at the time he committed the offense in this case. Hale admitted that he had "blown every opportunity that's ever been given to" him and that he

---

[1] Hale's charge was elevated from a Class B felony to a Class A felony based on the proximity to the youth-program center to the Franklin Street house. Effective July 1, 2014, the legislature repealed the youth-program-center enhancement.

[2] This was Hale's second trial. His original conviction was reversed because the trial court failed to grant his motion to conduct depositions of two State's witnesses at public expense. *See Hale v. State*, 54 N.E.3d 355 (Ind. 2016).

"d[idn't] deserve[] nothin' today."  Tr. Vol. V p. 115.  At the end of the hearing, the trial court made the following statement:

> [Y]ou are not even very old and you have fifteen (15) prior felonies . . . .  So . . . you've accumulated fifteen (15) felonies in a very short period [of] time.  Not to mention the . . . four (4) misdemeanors but you also have nine (9) petition[s] to revoke probation.  I believe as aggravators in this case, your criminal history, which consists of the fifteen (15) prior felonies, the four (4) misdemeanors and the nine (9) petition[s] to revoke probation, shows that you're not a candidate for probation.  I also think that the fact that you were on parole . . . at the time this offense was committed is another aggravator for your sentence in this case.

*Id.* at 116-17.  The court then sentenced Hale to forty years in the Department of Correction.

[6]    Hale now appeals his sentence.

# Discussion and Decision

[7]    Hale contends that his forty-year sentence is inappropriate and asks us to reduce it pursuant to Indiana Appellate Rule 7(B), which provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."  Because we generally defer to the judgment of trial courts in sentencing matters, *Norris v. State,* 27 N.E.3d 333, 335-36 (Ind. Ct. App. 2015), defendants have the burden of persuading us that their sentences are inappropriate, *Thompson v. State,* 5

N.E.3d 383, 391 (Ind. Ct. App. 2014). "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Id.* (citing *Cardwell v. State,* 895 N.E.2d 1219, 1224 (Ind. 2008)).

[8] Here, Hale faced a sentencing range of twenty to fifty years, with an advisory sentence of thirty years. Ind. Code § 35-50-2-4(a). The trial court sentenced him to forty years.

[9] As for the nature of the offense, Hale notes that Davis was the primary meth manufacturer at the Franklin Street house and that he moved into the house only a month before his arrest. Even though Hale may not have been the primary meth manufacturer, he had been purchasing pseudoephedrine, a necessary ingredient for meth, for several months before his arrest, and he was cooking meth with Davis in the upstairs bedroom on May 19 while children were present downstairs. *See* Appellant's Br. p. 8 (Hale conceding that he "assisted Davis in the process in the month before his arrest").

[10] In any event, Hale's character supports his forty-year sentence. He has fifteen felony convictions, four misdemeanor convictions, and nine petitions to revoke his probation.[3] Although Hale notes that many of his convictions are for

[3] Hale's criminal history distinguishes this case from *Parks v. State*, 22 N.E.3d 552 (Ind. 2014), where the Indiana Supreme Court reduced the defendant's forty-year sentence (with twenty-six years executed) for Class A felony dealing in methamphetamine to the advisory sentence of thirty years (with twenty years executed). In addition, the defendant in *Parks* admitted cooking meth on two occasions. Here, in contrast, Hale, at the very least, helped Davis cook meth for a month.

property-related offenses, such as theft and forgery, others are not and include convictions for resisting law enforcement, robbery, escape, battery, and operating while intoxicated. Moreover, the PSI reveals that substance abuse has been an issue for him his entire adult life and that he has been offered treatment opportunities in the past. Despite this, he chose to move into a meth house while he was on parole and participate in various aspects of the meth-manufacturing process. Hale has failed to persuade us that his forty-year sentence is inappropriate.

[11]   Affirmed.

Mathias, J., and Crone, J., concur.