## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 22 2020, 9:05 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Talon Roper
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Talon Roper,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

December 22, 2020

Court of Appeals Case No.
20A-PC-156

Appeal from the Allen Superior Court

The Honorable Frances C. Gull, Judge

Trial Court Cause No.
02D05-1902-PC-14

**Bailey, Judge.**

# Case Summary

Talon Roper ("Roper") appeals, pro se, the post-conviction court's order denying his petition for post-conviction relief ("PCR"). He raises three issues on appeal, which we consolidate and restate as follows:

> I. Whether Roper has waived his arguments by failing to comply with Indiana Appellate Rule 46(A)(8).

> II. Waiver notwithstanding, did the post-conviction court err when it denied Roper's motion for a discovery order.

We affirm.

# Facts and Procedural History

Following a bench trial, on November 19, 2015, the court found Roper guilty of robbery resulting in serious bodily injury, as a Level 2 felony[1], aggravated battery, as a Level 3 felony,[2] and use of a firearm in the commission of a crime, allowing an elevated sentence,[3] in cause number 02D05-1505-F2-9 ("Cause F2-9"). On January 5, 2016, the trial court sentenced Roper to an aggregate of thirty years in the Department of Correction: twenty years for robbery resulting in serious bodily injury and ten years for use of a firearm. The trial court

---

[1] Ind. Code § 35-42-5-1(1) (2015).

[2] I.C. § 35-42-2-1.5 (2015).

[3] I.C. § 35-50-2-11(b) (2015).

vacated Roper's conviction for aggravated battery. Roper appealed and, on July 27, 2016, this Court affirmed Roper's sentence. *Roper v. State*, No. 02A04-1601-CR-110, 2016 WL 4045323 (Ind. Ct. App. July 27, 2016), *trans. denied*.

[4] On June 19, 2017, Roper filed a petition for PCR in cause number 02D06-1706-PC-63 ("Cause PC-63"). On February 11 and 28 of 2019, Roper filed motions to withdraw his PCR petition, and that motion was granted on February 28, 2019.

[5] On February 11, 2019, Roper filed another petition for PCR in cause number 02D05-1902-PC-14 ("Cause PC-14"). On the same day, Roper also filed in Cause F2-9 a motion for a discovery order, which the trial court denied because Roper had "previously withdrawn his petition" for PCR. Appellant's App. at 67. On May 24, 2019, Roper filed another motion for discovery in F2-9, which the trial court again denied because there was "nothing pending" in Cause F2-9. *Id*. at 17.

[6] At the State's request, the court ordered Roper to submit his PCR case by affidavit in Cause PC-14 and, on June 20, 2019, Roper filed a motion to amend his PCR petition, a supporting affidavit, and a motion for an evidentiary hearing. Roper's affidavit discussed his ineffective assistance of counsel claims in detail, with citations to the transcript of the bench trial in Cause F2-9. The State filed a motion to dismiss the PCR petition. On July 11, 2019, the post-conviction court granted Roper's motion to amend his petition and denied the State's motion to dismiss.

[7] On September 3, 2019, Roper filed a motion to set a PCR hearing and to issue a transport order. The post-conviction court denied those motions. On October 7, 2019, the State filed its response to Roper's affidavit in support of his petition for post-conviction relief. On October 21, 2019, Roper filed, in Cause PC-14, a motion for discovery and a motion for extension of time to file his reply to the State's response to his affidavit. Roper's discovery motion sought information the State intended to use in his bench trial—which had already occurred—and other information related to Roper's criminal charges. Appellant's App. at 158-62. On October 23, the post-conviction court denied Roper's motion for extension of time and motion for discovery because the discovery motion was "improper in a post-conviction relief proceeding as the [m]otion refers to his previously conducted trial." *Id.* at 163.

[8] On December 9, 2019, the post-conviction court denied Roper's petition for post-conviction relief. This appeal ensued.

# Discussion and Decision

[9] Roper brings this PCR appeal pro se.

> It is well settled that pro se litigants are held to the same legal standards as licensed attorneys. *Twin Lakes Reg'l Sewer Dist. v. Teumer*, 992 N.E.2d 744, 747 (Ind. Ct. App. 2013). This means that pro se litigants are bound to follow the established rules of procedure and must be prepared to accept the consequences of their failure to do so. *Shepherd v. Truex*, 819 N.E.2d 457, 463 (Ind. Ct. App. 2004).

*Lowrance v. State*, 64 N.E.3d 935, 938 (Ind. Ct. App. 2016), *trans. denied*.

Indiana Appellate Rule 46(A)(8)(a) requires that each contention in an appellant's brief must be "supported by cogent reasoning" and "by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal." When an appellant provides no cogent argument for a contention, that contention is waived. *See, e.g.*, *Burnell v. State*, 110 N.E.3d 1167, 1171 (Ind. Ct. App. 2018) (noting the presentation of the appellant's contentions must contain a clear showing of how the issues and contentions relate to the particular facts of the case under review, and we will not review undeveloped arguments). Similarly, when an appellant provides no citation to legal authority supporting his contentions, those contentions are waived. *E.g.*, *Shields v. Town of Perrysville*, 136 N.E.3d 309, 312 n.2 (Ind. Ct. App. 2019). Thus, under our Appellate Rules, "[i]t is not sufficient for the argument section that an appellant simply recites facts and makes conclusory statements without analysis or authoritative support." *Kishpaugh v. Odegard*, 17 N.E.3d 363, 373 n.3 (Ind. Ct. App. 2014); *see also Lane Alan Schrader Trust v. Gilbert*, 974 N.E.2d 516, 521 (Ind. Ct. App. 2012) (noting Rule 46(A)(8) "prevents the court from becoming an advocate when it is forced to search the entire record for evidence in support of [a party's] broad statements").

In his brief, Roper lists three issues on appeal: (1) whether the post-conviction court erred when it denied his motion for extension of time without a hearing; (2) whether the post-conviction court erred when it denied his motion for a discovery order; and (3) whether the post-conviction court erred when it denied

his PCR petition. However, he fails to address issues (1) and (3) anywhere else in his brief. Because Roper has failed to provide any analysis whatsoever as to issues (1) and (3), those issues are waived and we will not address them further. *See Burnell*, 110 N.E.3d at 1171. As to issue (2), the denial of the motion for discovery, Roper presents some analysis in his argument but he provides no relevant legal authority for the argument. Therefore, issue (2) is also waived. *See Shields*, 136 N.E.3d at 312 n.2.

[12] Waiver notwithstanding as to issue (2), we perceive no error in the post-conviction court's denial of Roper's motion for discovery. "Our standard of review in discovery matters is limited to determining whether the trial court abused its discretion." *Hale v. State*, 54 N.E.3d 355, 357 (Ind. 2016) (quotations and citations omitted). The trial court abuses its discretion when its decision is against the logic and effect of the facts and circumstances before the court. *Id*. "Due to the fact-sensitive nature of discovery matters, the ruling of the trial court is cloaked in a strong presumption of correctness on appeal." *Hinkle v. State*, 97 N.E.3d 654, 664 (Ind. Ct. App. 2018) (quotation and citation omitted), *trans. denied*.

[13] While post-conviction proceedings are "governed by the same rules applicable in civil proceedings[,] including pre-trial and discovery procedures," *Pannell v. State*, 36 N.E.3d 477, 493 (Ind. Ct. App. 2015) (quotation and citation omitted), *trans. denied*, post-conviction discovery "should be appropriately narrow and limited," rather than a fishing expedition "to investigate possible claims, not vindicate actual claims," *Hinkle v. State*, 97 N.E.3d 654, 665 (Ind. Ct. App.

2018), *trans. denied*; *see also Roache v. State*, 690 N.E.2d 1115, 1132 (Ind. 1997) ("[T]here is no postconviction right to 'fish' through official files for belated grounds of attack on the judgment, or to confirm mere speculation or hope that a basis for collateral relief may exist.") (quoting *State v. Marshall*, 148 N.J. 89, 690 A.2d 1, 92 (N.J. 1997) (internal quotations and citations omitted)). Thus, in *Roache*, our Supreme Court upheld the post-conviction court denial of a motion for discovery where the discovery request sought the State's entire criminal file rather than "specific information in the State's files that supports [the PCR petitioner's] claims of ineffective assistance of counsel." *Id*. at 1133; *see also Pannell*, 36 N.E.3d at 493 ("A second opportunity to discover the same evidence [available to a PCR petitioner in his prior criminal trial] will typically be precluded.").

[14]     As in *Roache*, Roper's discovery request[4] sought broad discovery of essentially all materials related to his underlying criminal case. Not only was that request overly broad, but it sought materials that were already provided and/or available to him through his criminal defense counsel.[5] For example, Roper's request sought evidence the State intended to use against him in his criminal trial that already took place. Appellant's App. at 158. Moreover, we note that

[4] Despite Roper's apparent confusion, Appellant's Br. at 11, 13, his February and May 2019 discovery requests in Cause F2-9 are not at issue here because his appeal is only of the discovery motion denial in an entirely different cause, i.e., Cause PC-14.

[5] The State's appendix includes an affidavit from the Allen County Public Defender's Office which avers that "[a]ll discoverable portions regarding Talon Roper's file [in Cause F2-9] were mailed to the defendant via certified mail to the Wabash Valley Correctional Facility on December 30, 2016." Appellee's App. at 2.

Roper did not appear to be hampered in any way in bringing his ineffective assistance of counsel claims, as shown in his affidavit in support of his PCR petition where he detailed each such claim with citations to the transcript of his criminal trial and other records. *Id.* at 77-114. The post-conviction court did not err in denying Roper's motion for a discovery order.

# Conclusion

Roper has waived the first and third issue he lists in his brief, as he failed to articulate any cogent argument related to those claims. Roper also waived his contentions regarding the denial of his motion for discovery by failing to cite relevant legal authority to support those contentions. Waiver notwithstanding as to the discovery issue, the post-conviction court did not abuse its discretion when it denied Roper's motion for discovery as his discovery requests were overbroad and sought information that he already had or that was already available to him.

Affirmed.

Robb, J., and Tavitas, J., concur.