

FILED

Oct 26 2023, 9:13 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Joshua Moudy
Grace Atwater
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General

George P. Sherman
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Isaac Wesley Plouch, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | October 26, 2023 <br><br> Court of Appeals Case No. 23A-CR-436 <br><br> Appeal from the Porter Superior Court <br><br> The Honorable Michael A. Fish, Judge <br><br> Trial Court Cause No. 64D01-2110-F6-9751 |

**Opinion by Chief Judge Altice**
Judges May and Foley concur.

**Altice, Chief Judge.**

## Case Summary

In this sexual battery case, Isaac Plouch brings an interlocutory appeal, claiming that the trial court abused its discretion in denying his discovery request. Specifically, Plouch contends that his access to the alleged victim's handwritten journal that detailed the history of their sexual relationship was improperly restricted.

We affirm and remand for further proceedings consistent with this opinion.

## Facts and Procedural History

According to the probable cause affidavit, Plouch and P.M.—students at Valparaiso University (the University)—were in a romantic relationship from spring of 2019 until sometime in the late fall of that year. P.M. alleged that on November 4, 2019—after the relationship had ended—she agreed to drive Plouch to his residence after the two had performed in a musical event at the University. At some point during that trip, Plouch touched P.M. and tried to kiss her several times, even though P.M. told him, "no." *Appellant's Appendix Vol. II* at 16. Plouch eventually grabbed the vehicle's steering wheel, causing P.M. to drive off the road. Plouch then put the car in park, grabbed P.M. by the hair, and forced her to perform oral sex on him.

P.M. reported the incident to University officials, and Detective Kevin Garber of the Valparaiso University Police Department interviewed her on March 4, 2020. At that time, P.M. gave Detective Garber her handwritten journal that described the above incident and other prior sexual encounters that she had

with Plouch. P.M. was interviewed on subsequent occasions, and on October 28, 2021, the State charged Plouch with sexual battery, a Level 6 felony, regarding the November 2019 incident.

[5] During the course of discovery, Plouch learned that P.M. had given her journal to police. On September 7, 2022, Plouch filed a motion for specific discovery and requested the State to "produce the entire journal." *Id.* at 68-69. Plouch asserted in his motion that only four partially-redacted pages of the journal had been provided to him, and that he desired to review the entire journal because it documented the course of his sexual relationship with P.M. Plouch maintained that the journal "could very well contain exculpatory information, and [he] has an absolute right to that." *Id.* at 68.

[6] The State filed a response, asserting that P.M.'s journal contains "multiple pages of extremely personal and private material written by P.M." *Id.* at 71. While the State agreed that references to the sexual relationship between Plouch and P.M. were discoverable, it argued that "all other personal and extremely private material is non-discoverable." *Id.* at 72. Thus, the State requested that the trial court conduct an *in camera* review of the journal and determine what additional journal entries and pages—if any—should be provided to Plouch.

[7] On September 22, 2022, the trial court issued an order stating that it had reviewed the journal and concluded that any exculpatory information in the journal must be provided to the defense as well as information regarding P.M.'s

sexual conduct with Plouch. The trial court indicated, however, that P.M's journal contained a "wealth of irrelevant evidence," to which Plouch was not entitled. *Id.* at 74. Thus, the trial court determined that only thirteen pages of P.M.'s journal—with redactions—would be provided to Plouch.

[8] On September 29, 2022, Plouch filed an objection to the trial court's ruling, claiming that the entire journal "likely will provide context for the entries already produced, lead to additional discoverable evidence, and possibly even contain *Brady* material." *Id.* at 89. Plouch further noted that while the trial court "cited the rape shield statute as its reason for the extensive redactions of the journal, . . . Rape Shield[1] is a rule of evidence, not of discovery." *Id.*

[9] During a hearing on Plouch's objection, the trial court stated that while the Rape Shield Statute does not operate as a privilege to preclude discovery, the principles supporting it are consistent with Ind. Trial Rule 26, which allows a court to limit discovery to protect a person's privacy. The trial court further commented that it "spent a lot of time" reviewing P.M.'s journal, that irrelevant material had been excluded from the defense, and that all journal entries documenting the sexual relationship between Plouch and P.M. had already been provided. The trial court remarked that it was P.M.'s "innermost thoughts . . . and reflections upon those incidents [that] aren't relevant to this proceeding in any way, shape, or form." *Id.* at 14. Following the hearing, the trial court

---

1 The Rape Shield Statute provides in part that "In a prosecution for [sexual battery], evidence of the victim's past sexual conduct; may not be *admitted.*" Ind. Code § 35-37-4-4 (a)(1). (Emphasis added).

entered an order summarily overruling Plouch's objection to the excluded and redacted portions of the journal.

[10] The trial court granted Plouch's request to certify its order for interlocutory appeal, we accepted jurisdiction, and this appeal ensues.

# Discussion and Decision

## I. Standard of Review

[11] The standard of review in discovery matters is limited to determining whether the trial court abused its discretion. *Hale v. State*, 54 N.E.3d 355, 357 (Ind. 2016). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Robinson v. State*, 91 N.E.3d 574, 577 (Ind. 2018). And because the nature of discovery issues is fact-sensitive, the trial court's ruling is cloaked in a strong presumption of correctness on appeal. *Hinkle v. State*, 97 N.E.3d 654, 664 (Ind. Ct. App. 2018), *trans. denied.* We also note that a trial court's discovery ruling will be sustained on any legal basis in the record, even if it is not the basis enunciated by the trial court. *Norton v. State*, 137 N.E.3d 974, 985 (Ind. Ct. App. 2019), *trans. denied*.

## II. Discovery of the Entire Journal

[12] Plouch argues that the trial court erred in excluding and redacting portions of P.M.'s journal. Plouch maintains that the trial court erred in relying on the Rape Shield Statute and T.R. 26 in denying access to the complete journal.

[13]    We initially observe that when a defendant requests discovery in a criminal case, the following test must be applied to determine whether the information is discoverable:

> (1) there must be a sufficient designation of the items sought to be discovered (particularity); (2) the items requested must be material to the defense (relevance); and (3) if the particularity and materiality requirements are met, the trial court must grant the request unless there is a showing of "paramount interest" in non-disclosure.

*In re WTHR-TV*, 693 N.E.2d 1, 6 (Ind. 1998). Further, it is within the trial court's discretion to conduct an *in camera* review to determine the validity of any objection to the production of material. *Id.* at 8.

[14]    In deciding whether to exclude portions of the journal from discovery, the record shows that the trial court considered the three factors in *WTHR*. More particularly, the trial court declared that it was satisfied that it had gathered the most important information from the journal that Plouch could use "in furtherance of [his] defense," thereby satisfying the sufficient designation requirement. *Transcript* at 11. As for relevance and materiality, the trial court reviewed the journal and concluded that "about ninety-nine percent of [the journal] is just not relevant at all." *Id.* Finally, as for the paramount interest factor, the trial court "tracked" the provisions of T.R. 26 and noted that a court is permitted "to enter a protective order . . . to protect a person from embarrassment or oppression." *Id.* at 15. Hence, the trial court determined that

"[P.M.] shouldn't be put in that . . . position, and that . . . is a paramount concern" for excluding certain portions of the journal from discovery. *Id.*

[15] Contrary to Plouch's contentions, the trial court did *not* maintain that the Rape Shield Statute operates to preclude discovery. Rather, the trial court pointed out that it is T.R. 26(C)(1) that permits the court to prohibit discovery to protect a person from annoyance, embarrassment, or oppression. Additionally, T.R. 26(C)(4) allows a trial court to order "that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters."

[16] Following the *in camera* review in this case, the trial court determined that the "journal, by its very nature, contains personal matters to which the author, [P.M.], is entitled to the utmost privacy. The public disclosure of such information could cause [P.M.] permanent harm." *Id.* at 74. The trial court further observed that there was a "wealth of irrelevant evidence" in the journal and noted that "all relevant, [and] possibly exculpatory . . . entries are contained in the 13 pages hereby disclosed by the Court." *Id.*

[17] Because the trial court conducted an *in camera* review of the journal and determined that it had released the relevant information contained therein to Plouch, we cannot say that denying Plouch's request to review P.M.'s journal in its entirety was an abuse of discretion. Moreover, while Plouch also challenges the trial court's denial of his discovery request because the excluded and redacted entries would add context to what has already been produced or they might include exculpatory evidence, this argument is waived. A copy of

the complete journal is not in the record, and Plouch did not petition this court for an *in camera* review of the journal, thus limiting our review of the substance of the trial court's decision. *See, e.g., Lewis v. State*, 726 N.E.2d 836, 844 (Ind. Ct. App. 2000) (determining that defendant's request to discover victim's diary on his claim that the excluded entries might have contained false accusations or inconsistent statements was properly denied because, among other things, no copy of the diary was included in the record, and the defendant failed to petition this court for an in camera review of the document), *trans. denied.*

[18] Affirmed and remanded for further proceedings consistent with this opinion.

May, J. and Foley, J., concur.